UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

EUGENE LIBBETT,

        Plaintiff(s),
v.

PHYSICIAN ASSISTANT DOODY, et al.,

        Defendant(s).
───────────────────────────────



DECISION AND ORDER
07-CV-6459L

**Preliminary Statement**

Currently pending before the Court is plaintiff's motion for appointment of counsel. (Docket # 15). By Order of Judge David G. Larimer, dated January 20, 2009, all pretrial motions excluding dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 27).

In his Amended Complaint, plaintiff alleges, *inter alia*, that in June 2006, while he was confined at the Batavia Federal Detention Facility, defendants acted with deliberate indifference to his medical needs and denied him adequate medical treatment with respect to the injuries he sustained as a result of his slipping and falling in the shower on June 26, 2006. (Docket # 7). Plaintiff brings his claims under 42 U.S.C. § 1983, for violations of his Due Process and Eighth Amendment rights. (Docket # 7).

**Discussion**

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary primarily because his case is factually and legally "complex" and he has not had any

"legal training" or a "legal education." (Docket # 15). For the reasons that follow, plaintiff's motion for appointment of counsel is **denied without prejudice**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of

2

merit. See, e.g., Brown v. Austin, No. 05 Civ. 9443 PKC/RLE, 2006 WL 278185, at *1-2 (S.D.N.Y. Feb. 3, 2006)(plaintiff's allegations that he was intentionally denied access to medical care might have merit); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(court found plaintiff's Eighth Amendment claim satisfied the threshold showing of merit). However, having reviewed the amended complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff's amended complaint is detailed in nature and adequately describes the events that led to his alleged injuries. The details contained in plaintiff's typed nineteen page amended complaint pay tribute to plaintiff's ability to logically and coherently present his claims. The factual circumstances surrounding plaintiff's Eighth Amendment claim (inadequate medical care after plaintiff fell in the shower injuring his back) do not appear to be unduly complicated, and, at least at this point in time, plaintiff has shown that he is capable of prosecuting his case. See Martino v. Westchester County Dep't of Corrs., No. 06 Civ. 9900PKCRLE, 2007 WL 958516, at *1 (S.D.N.Y. Mar. 28, 2007)(denying plaintiff's application for appointment of

3

counsel after finding that her claims of deliberate medical indifference in her civil rights complaint "d[id] not present novel or complex legal issues"). Although discovery in this action has been stayed pending Judge Larimer's determination of the federal defendants' motion to dismiss (Dockets # 25, # 33), plaintiff has drafted detailed discovery demands (Docket # 32) and requests for admissions (Docket # 31). My review of plaintiff's written product filed in the prosecution of this action supports a finding that the plaintiff has the ability to effectively present his claims. Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying application after finding that plaintiff seemed capable of understanding and presenting the legal issues raised by his claims, as his papers were clear, addressed relevant issues and cited pertinent case law); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002)(where plaintiff demonstrated his ability to present facts, draft pleadings and motions "backed by legal research," court declined to appoint counsel).

Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination.

4

See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(court denied motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of the law); Harris, 2003 WL 21108370, at *2 (application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Finally, I find that plaintiff has the ability to effectively respond to the arguments made in support of the pending motion to dismiss (Docket # 25).[1] For all these reasons, plaintiff's motion to appoint counsel (Docket # 15) is **denied without prejudice**. Should Judge Larimer determine that the appointment of counsel would provide substantial assistance in determining the motion to dismiss or in the development of plaintiff's arguments in opposition to the motion, he may, of course, revisit the appointment of counsel issue.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 18, 2009
         Rochester, New York

---

[1] See Plaintiff's Response in Opposition to defendants' motion to dismiss (Docket # 25). (Docket # 29).

5